Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585

*Attorney for Defendant*
*People Data Labs, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANELLE COCHRANE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE DATA LABS, INC.,<br><br>Defendant. | Case No.: 25-cv-9533<br><br>**DEFENDANT PEOPLE DATA LABS, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>28 U.S.C. §§ 1332, 1441, 1446, 1453<br><br>*Filed concurrently with Declaration of Ben Eisenberg; Notice of Interested Parties and Corporate Disclosure Statement*<br><br>Removed from San Francisco Superior Court Case No. CGC-25-629675 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; PLAINTIFF JANELLE COCHRANE; AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant People Data Labs, Inc. ("Defendant" or "PDL") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support of this notice of removal, People Data Labs states as follows:

## PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. This matter was filed on behalf of Janelle Cochrane, a resident and citizen of Colorado, who takes issue with the practices of PDL, an online platform for sales prospecting and outreach.

2. Plaintiff contends that PDL violates the Colorado Prevention of Telemarketing Fraud Act (Colo. Rev. Stat. § 6-1-304(4)(a)(I)) ("PFTA") by allegedly listing Colorado citizens' cellular telephone numbers without obtaining the appropriate consent. *See* Ex. A ("Compl.") ¶¶ 38-47.

3. Plaintiff seeks relief for herself and a putative class of Colorado residents whose cell phone numbers were listed on peopledatalabs.com. *See id*. ¶ 31.

4. Plaintiff seeks various forms of relief, including (i) statutory damages, (ii) injunctive relief, (iii) class certification, and (iv) attorneys' fees. *See id*. at 14-15.

## I. REMOVAL IS TIMELY

5. This action was filed on September 29, 2025, in the Superior Court of the State of California for the County of San Francisco. (Ex. B at 2 (Civil Cover Sheet).)

6. Plaintiff first served this action on People Data Labs through its registered service agent on October 8, 2025.

7. Because PDL filed this notice of removal within 30 days following its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

## II. THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

8. "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Any class action falling under CAFA may be removed to a federal district court in accordance with 28 U.S.C. § 1446 by any defendant. 28 U.S.C. § 1453.

9. Under CAFA, codified in part at 28 U.S.C. §§ 1332 and 1453, a federal district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) at least one member of the plaintiff class is a citizen of a state different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A) & 5(B). Each CAFA requirement is met here.

### A. Plaintiff's Complaint Is a Putative "Class Action" Under CAFA and Includes More Than 100 Members.

10. CAFA jurisdiction applies to class actions where "the class has more than 100 members." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 (9th Cir. 2019). Under CAFA, a class action is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a), (b). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. Here, this case is a "class action" under CAFA because Plaintiff brings this case as a class action on behalf of all others similarly situated. Compl. at 1.

12. Further, the Class alleged here has more than 100 members. Plaintiff estimates that the proposed class includes "thousands of individuals" consisting of "all Colorado residents whose cell phone numbers were listed on peopledatalabs.com." *Id*. ¶¶ 31, 33.

13. PDL denies that this case is suitable for class treatment, but if Plaintiff's allegations are accepted as true, CAFA's 100-person threshold is met, as the "thousands" of Colorado phone numbers purportedly at issue vastly exceed the statutory threshold. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197) ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.").

**B. The Amount in Controversy Exceeds $5,000,000.**

14. Under CAFA, the amount-in-controversy requirement is satisfied if the amounts implicated by the claims of the putative class exceed, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. When determining the amount in controversy for a particular matter, "a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias,* 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1199).

15. While denying all liability, based on the allegations stated in Plaintiff's complaint, there is more than $5,000,000 in controversy. Plaintiff seeks "damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense," and "reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c)." Compl. ¶ 52. Plaintiff thus alleges that she and the putative class have suffered (at a minimum) $300 in statutory damages per alleged offense. Even if these were the only damages used to calculate the amount in controversy, there would need to be only 16,667 members in the putative class and one violation each to exceed the $5,000,000 threshold. *See, e.g.*, *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994-95 (9th Cir.

2022) (in reversing remand after removal, reasoning that the defendant had done plausible math in its notice of removal based on various assumptions, including one hour a week of unpaid work, 63,431 work weeks in question, multiplied by an average wage of $16.22, doubling for liquidated damages, and addition of potential penalties). The amount-in-controversy threshold is not limited to the statutory damages claim but also includes all other forms of potential relief, including the value of the injunctive relief sought, as well as attorneys' fees. *See* Compl. at 14-15. *See, e.g., Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 771-75 (9th Cir. 2020) (reversing remand after removal and affirming the defendant's plausible calculation of amount in controversy based on theoretical compensatory and punitive damages, attorneys' fees, and injunctive relief).

16. Plaintiff seeks to "represent a class defined as all Colorado residents whose cell phone numbers were listed on peopledatalabs.com." Compl. ¶ 31. PDL denies any violation of the PFTA and also denies that this matter is suitable for treatment as a class action. However, without admitting putative class size (which likely isn't even ascertainable), PDL notes that it is plausible that the purported class is at least 16,667 people: according to the 2024 U.S. Census, the population of the state of Colorado was 5,957,493.[1] Of that number, 16,667 people would be 0.28 percent of the 2024 population of Colorado. From a plausibility perspective, the CAFA requirement is satisfied, particularly when all forms of relief sought are considered.

**C. The Parties are Minimally Diverse.**

17. Diversity of citizenship exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. The Complaint confirms that the parties are minimally diverse; the named Plaintiff alleges that she is a citizen of Colorado. Compl. ¶ 10.

19. PDL is organized under the laws of Delaware and its principal place of business is in California. *See* Declaration of Ben Eisenberg, ¶ 2. Therefore, for CAFA purposes, PDL is a citizen of Delaware and California.

[1] *See* https://www.census.gov/quickfacts/fact/table/CO/PST045224.

20. CAFA's diversity requirement is met because Plaintiff is a Colorado resident and PDL is not. *See* 28 U.S.C. § 1332(d)(2).

**D. No CAFA Exceptions Apply.**

21. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction."). All three exceptions include the requirement that one-third or more of the members of the putative class are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3)-(4). Here, because Plaintiff alleges that the putative class is comprised exclusively of Colorado residents, Compl. ¶ 31, the Court can conclude that one-third or more of the putative class members are not citizens of California.

## III. VENUE

22. Plaintiff filed the Complaint in the Superior Court of the State of California for the County of San Francisco, which is located within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b).

## IV. NOTICE

23. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibits A & B.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Superior Court of the State of California for the County of San Francisco and served upon Plaintiff.

## V. RESERVATIONS

25. By filing this notice of removal, PDL does not waive any elemental challenge or defense that may be available to it and hereby expressly reserves all elemental challenges and

defenses, including but not limited to: arbitrability, improper venue, forum non conveniens, insufficiency of process, lack of standing, and failure to state a claim. PDL disputes the Complaint in its entirety, including all factual and legal allegations and prayers for relief. PDL reserves the right to amend or supplement this notice of removal if needed.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, PDL respectfully removes this action from the Superior Court of the State of California for the County of San Francisco, to this Honorable Court, the United States District Court for the Northern District of California.

Dated: November 5, 2025

ZWILLGEN PLLC

By: *\/s/ Michael Bleicher*

Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com

*Attorney for Defendant*
*People Data Labs, Inc.*