UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANELLE COCHRANE,

Plaintiff,

v.

PEOPLE DATA LABS, INC.,

Defendant.

Case No.  25-cv-09533-RFL

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION
AND VACATING MOTION TO
DISMISS HEARING**

Re: Dkt. No. 12

Federal courts have an independent obligation to address a potential lack of Article III standing, even if no party has sought remand.  People Data Labs removed the case from state court.  However, without moving to dismiss for lack of jurisdiction under Rule 12(b)(1), People Data Labs has now stated its view in its pending motion to dismiss briefing that "Plaintiff's failure to allege any actual or reasonably imminent injury means she has not suffered injury under Article III."  (Dkt. No. 17 at 7 n.3.)[1]  Cochrane's opposition brief discusses Article III standing in passing, but understandably does not contain an extended discussion on the topic, since People Data Labs did not move to dismiss on that basis.  In light of the abbreviated discussion, Cochrane does not address controlling recent Ninth Circuit authority on this issue that postdates the district court cases relied upon in her brief.  *See Popa v. Microsoft Corp.*, 153 F.4th 784, 791–95 (9th Cir. 2025).  Nor does Cochrane discuss older district court cases that adopted the approach now required by the Ninth Circuit in *Popa.  See, e.g.*, *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1048–55 (N.D. Cal. 2022).

---

[1] All citations to page numbers refer to ECF pagination.

1

Both parties are **ORDERED** to simultaneously file written responses of no more than five pages, by **January 30, 2026**, regarding whether Cochrane has Article III standing and whether this case should be remanded.  The motion to dismiss hearing set for January 20, 2026, is **VACATED** and will be reset, if necessary, after receiving the responses to this Order.

**IT IS SO ORDERED.**

Dated: January 15, 2026

_____
RITA F. LIN
United States District Judge