**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANELLE COCHRANE, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>PEOPLE DATA LABS, INC.,<br><br>    Defendant. | **CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Case No. 3:25-cv-09533-RFL<br><br>Judge:  Hon. Rita F. Lin |

1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff Janelle Cochrane (the "Plaintiff," *see* Paragraph 1.22, *infra*), on behalf of herself and as representative of the Settlement Class (as defined herein); and (ii) Defendant People Data Labs, Inc. ("PDL" or "Defendant," *see* Paragraph 1.10, *infra*). Plaintiff and Defendant are collectively referred to herein as the "Parties," or individually as "Party." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.    **WHEREAS,** this putative class action was filed on September 29, 2025, in the Superior Court of the State of California for the County of San Francisco. On November 5, 2025, the case was removed to the United States District Court for the Northern District of California (San Francisco Division). The Complaint alleges Defendant violates the Colorado Prevention of Telemarketing Fraud Act (Colo. Rev. Stat. § 6-1-304(4)(a)(I)) ("PTFA") by allegedly listing Colorado citizens' cellular telephone numbers in a directory without obtaining the appropriate consent. *See* ECF No. 1, Ex A.

B.    **WHEREAS**, on November 26, 2025, Defendant filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6) arguing that Plaintiff failed to state a claim upon which relief could be granted and that the PTFA was unconstitutional. (ECF No. 12.) Plaintiff filed her opposition brief on December 10, 2025 (ECF No. 15), and Defendant filed its reply on December 17, 2025 (ECF No. 17).

C.    **WHEREAS**, subsequent to completion of the briefing on Defendant's motion to dismiss, Plaintiff and Defendant agreed to participate in mediation while a decision on Defendant's motion remained pending.

**D.      WHEREAS**, the Parties, through their respective counsel, participated in extensive arms-length negotiations in efforts to settle the disputes, including an in-person mediation on March 3, 2025, before former United States District Judge James F. Holderman, formerly of the United States District Court for the Northern District of Illinois.

**E.      WHEREAS**, as part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged informal discovery on issues such as the size and scope of the putative class, and certain facts related to the strength of Plaintiff's claims and Defendant's defenses. The Parties also exchanged information about settlements in similar cases. Given that the information exchanged was similar to the information that would have been provided in formal discovery related to the issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of their respective claims and defenses and the reasonableness of a proposed settlement that resulted in this Agreement.

**F.      WHEREAS**, following the conclusion of the March 3, 2026 in-person mediation session with Judge Holderman, Plaintiff and Defendant continued arms' length settlement discussions and thereafter, on March 20, 2026, reached agreement on the material terms of a class action settlement and executed a term sheet, which are reflected in this Settlement Agreement.

**G.      WHEREAS,** at all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action (*see* Paragraph 1.1, *infra*), including without limitation any violation of the PTFA. Nonetheless, accounting for the uncertainty, costs, and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set

1

forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

H.      **WHEREAS**, Plaintiff and Class Counsel (*see* Paragraph 1.5, *infra*) believe that the claims asserted in the Action against Defendant have merit and that Plaintiff would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein,

2

that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

**AGREEMENT**

## 1.  DEFINITIONS.

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**     **"Action"** means *Cochrane v. People Data Labs, Inc.*, Case No. 3:25-cv-09533-RFL, pending in the United States District Court for the Northern District of California.

**1.2**     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement. To receive a *pro rata* cash payment, each claimant must fill out an attestation that the claimant owned the mobile telephone number that is associated with the claimant in Defendant's records during the Class Period.

**1.3**     **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim, shall be available in electronic and paper format in the manner described below.

**1.4**     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than sixty (60) days after the Notice

3

Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.5    **"Class Counsel"** means Bursor & Fisher, P.A., including Joseph I. Marchese, Daniel S. Guerra, and Matthew A. Girardi.

1.6    **"Class Period"** means from September 1, 2022, to and including March 3, 2026.

1.7    **"Class Representative"** means the named Plaintiff in this Action, Janelle Cochrane, a resident of Colorado.

1.8    **"Court"** means the United States District Court for the Northern District of California, the Honorable Rita F. Lin presiding, or any judge who shall succeed her as the Judge in this Action.

1.9    **"Defendant"** means People Data Labs, Inc., a Delaware corporation.

1.10    **"Defendant's Counsel"** means Jacob Sommer and Michael Bleicher of ZwillGen PLLC; and Oliver M. Kiefer of ZwillGen Law LLP.

1.11    **"Effective Date"** means ten (10) days after all the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.12    "**Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement

4

Administrator.

**1.13** **"Fairness Hearing"** means the hearing before the Court at or after which the Court will make a final decision whether to approve the proposed Settlement, the Fee and Expense Award, and the Service Award to the Class Representative set forth herein as fair, reasonable, and adequate.

**1.14** **"Fee and Expense Award"** means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.15** **"Final"** means 12:00 a.m. on the day following the latest of the following: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee and Expense Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) if there is an appeal that involves the Fee and Expense award in addition to other issues, the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

**1.16** **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement.

**1.17** **"Notice"** means the notice of this proposed Class Action Settlement Agreement, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent

5

with the requirements of Due Process, Federal Rule of Civil Procedure 23(c)(2), and is substantially in the form of Exhibits B and C hereto.

1.18    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is commenced, which shall be no later than thirty (30) days after the Court's Order granting Preliminary Approval.

1.19    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than sixty (60) days after the Notice Date. Notwithstanding the foregoing, the Settlement Administrator shall provide the Parties with the final report of all valid and timely requests for exclusion no later than ten (10) days after the Objection/Exclusion Deadline. The Fairness Hearing shall not occur until after the expiration of Defendant's deadline to exercise its right to terminate the Settlement Agreement based on the number of opt-outs.

1.20    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.21    **"Plaintiff"** means Janelle Cochrane.

1.22    **"Preliminary Approval Order"** means the Order entered by the Court: (i) preliminarily certifying the Settlement Class; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) appointing the Class Representative and Class Counsel; (iv) directing the manner and timing of

6

providing Notice to the Settlement Class; and (v) setting the dates and deadlines for effectuating the settlement, including the date of the sending of Notice, the Claim Period, and the date of the Fairness Hearing, if one is scheduled.

**1.23** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PTFA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act that could be brought against the Released Parties arising from or relating to the Released Parties' alleged collection, listing, disclosure, or publication of individuals' cellular telephone number. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

**1.24** **"Released Parties"** means Defendant People Data Labs, Inc., as well as any and all of its past and present agents, advisors, attorneys, employees, representatives, partners, partnerships, corporations, companies, joint venturers, predecessors, trustees, estates, heirs, executors, administrators, officers, directors, principals, members, managers, owners, direct or indirect security holders, shareholders, parents, subsidiaries, affiliates, divisions, successors and assigns, fiduciaries, contractors, insurers, co-insurers, reinsurers, and any person in legal privity with them.

**1.25** **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates,

administrators, predecessors, successors, assigns, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.26    **"Service Award"** means any amount awarded by the Court to the Class Representative as a service award in recognition of her efforts and commitment on behalf of the Settlement Class, which will be paid out of the Settlement Fund and shall not exceed $5,000.

1.27    **"Settlement Administration Expenses"** means the fees and expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Settlement Class, distributing payments, and related services, which shall be paid from the Settlement Fund, subject to a reasonable cap to be agreed upon by the Parties.

1.28    **"Settlement Administrator"** means Simpluris, who has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class and other duties as set forth in this Agreement.

1.29    **"Settlement Class"** means all individuals in People Data Labs' database with an (1) inferred mobile number as determined by the information available in Defendant's records, (2) a Colorado area code, (3) an inferred Colorado location (current or historical), (4) whose data was sourced on or after September 2022, and (5) whose information was disclosed at least once from September 2022 to March 3, 2026.  Excluded from the settlement class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) PDL, PDL's subsidiaries, successors, predecessors, and any entity in which PDL has a controlling interest, (3) persons who properly execute and file a

8

timely request for exclusion from the class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

**1.30**    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.31**    **"Settlement Class Size"** means Settlement Class Members meeting the criteria of the Settlement Class. As of May 15, 2026, the current Settlement Class Size is calculated to be 908,881, based on an analysis of Defendant's records.

**1.32**    **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of six million three-hundred sixty-two thousand one hundred and sixty-seven dollars ($6,362,167.00 USD), based on a Settlement Class Size of 908,881 (which reflects a payment of seven dollars ($7.00) per Settlement Class Member), to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. If at final calculation, the Settlement Class Size increases past the Settlement Class Size number reflected in Paragraph 1.31 above, the Settlement Fund will increase at a rate of seven dollars ($7.00) for each additional Settlement Class Member. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any Service Award to the Class Representative, and any Fee and Expense Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund

9

represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement be less than $6,362,167.00 USD.

      **1.33**     **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. To the fullest extent permitted by law, upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to California Civil Code § 1542. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph. The Parties acknowledge, and Settling Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## 2. SETTLEMENT RELIEF.

**2.1** Payments to Settlement Class Members.

(a)    Within thirty (30) days of the Court's entry of the Preliminary Approval Order, Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund as specified in Paragraph 1.32 of this Agreement.

(b)    Each Settlement Class Member that submits an Approved Claim will receive a *pro rata* portion of the Settlement Fund as a cash payment after the amounts of the Settlement Administration Expenses, any Fee and Expense Award, and any Service Award have been deducted from the Settlement Fund.

(c)    The Settlement Administrator shall pay the cash payments for all Approved Claims from the Settlement Fund via check, Zelle, Venmo, or PayPal.

(d)    A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member. Each Approved Claim must verify that, during the Class Period, the claimant owned the mobile telephone number associated with the claimant in Defendant's records.

(d)    All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and twenty (120) days after the date of issuance. To the extent that any checks issued to a Settlement Class Member are not cashed within one hundred twenty (120) days after the date of issuance, such uncashed check funds shall be redistributed on a pro rata basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each

11

Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, be paid to the Consortium of Cybersecurity Clinics, a not-for-profit organization, or such other not-for-profit organization(s) recommended by counsel for the Parties and approved by the Court.

(e) Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

**2.2** **Prospective Relief.** Within 60 (sixty) days of the Court's entry of Final Approval, unless applicable law permits the conduct alleged in Plaintiff's Complaint, Defendant shall not disclose the cellular telephone number of any Settlement Class Member through its web-based offerings unless it can establish that, based on its records or reliable third-party data, that individual is no longer a resident of Colorado or that the individual has provided affirmative consent to such disclosure to Defendant through oral, written, or electronic means.

## 3. RELEASE.

**3.1** The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or

12

otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims, provided, however, that the Releasing Parties shall be permitted to comply with a valid subpoena or court order concerning the Released Claims.

## 4. NOTICE TO THE SETTLEMENT CLASS.

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *List of Potential Settlement Class Members*. No later than one (1) day after the execution of this Agreement, Defendant shall produce an electronic list from its records that includes the names, postal addresses, and e-mail addresses belonging to individuals who are members of the Settlement Class. Class Counsel's assent to this Agreement shall constitute consent on behalf of all such individuals to disclose this information, consistent with the consent provisions of the PTFA. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator. The Class List and any contact or other information contained therein shall be treated as confidential and used solely for purposes of administering the Settlement. The Settlement Administrator shall not disclose the Class List or any such information to any third party, including Class Counsel, except to the extent reasonably necessary to effectuate the Settlement, as provided in this Agreement, or as otherwise required by law or order of the Court. Any such disclosure shall be limited to the minimum information reasonably necessary for such purpose. Any person or entity receiving such information shall agree to maintain its confidentiality and use it solely for purposes of administering the Settlement.

**(b)**    *Direct Notice*. No later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B (the "Email Notice"), including as to the subject line and sender email address, along with an electronic link to the Claim Form, to all

13

individuals on the Class List for whom a valid email address is available. In the event transmission of the Email Notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the Email Notice and if unsuccessful, will provide notice by U.S. mail if a postal address is available.  The Settlement Administrator shall provide notice by U.S. mail to any class member who has no associated email address.

(c)      *Reminder Notice*. Thirty (30) days after the Notice Date, the Settlement Administrator shall again send the Email Notice (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all individuals on the Class List who possess a valid email address and who have not yet submitted a Claim Form.

(d)      *Additional Notice*. If deemed necessary by Class Counsel in consultation with the Settlement Administrator and Defendant, the Parties agree to discuss whether an additional notice and/or means of notice is appropriate, including, but not limited to, publication notice or sending a third Email Notice.

(e)      *Settlement Website*. No later than the Notice Date, Notice shall be provided on a case-specific settlement website at www.[SettlementWebsiteURL].com which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms online. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

(f)      *Toll-Free Number*. No later than the Notice Date, the Settlement Administrator shall implement, oversee, and maintain a toll-free number with an Interactive Voice Response ("IVR")

14

system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Action.

(g)    *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

(h)    *Contact from Class Counsel*. Class Counsel, in their capacity as counsel to Settlement Class Members, may from time-to-time contact Settlement Class Members to provide information about the Settlement Agreement, answer any questions Settlement Class Members may have about the Settlement Agreement, and assist Settlement Class Members with filing claims insofar as such communication or correspondence is directly related to administering the Settlement.

(i)    *Class Contact Information*. Contact information provided to the Settlement Administrator shall be maintained as confidential and used solely for purposes of administering the settlement. The Settlement Administrator shall not disclose the Settlement Class List or contact information to Class Counsel, except to the extent strictly necessary to administer the Settlement or as otherwise required by the Court. Any such disclosures shall be subject to appropriate confidentiality protections.

4.2    The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court only if, on or before the Objection/Exclusion

15

Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time files copies of such papers he or she proposes to be submitted at any scheduled Fairness Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, files any objection through the Court's CM/ECF system.

4.3     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's full name and mailing address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including an attestation that the objector owned the mobile telephone number associated with the claimant in Defendant's records during the Class Period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at any scheduled Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). So-called "mass" or "class" objections shall not be permitted.  Pursuant to Judge Rita F. Lin's Standing Order for Civil Cases, this requirement may be excused upon a showing of good cause, and substantial compliance with this requirement is sufficient.

4.4     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the

16

settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

4.5    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her full name and mailing address, a signature, the name of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders, the Final Judgment, or the terms of the Agreement; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be permitted. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice. The Settlement Administrator shall

forward copies of all requests for exclusion to Class Counsel and Defendant's Counsel no later than seven (7) days after receipt.

**4.6** Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.   SETTLEMENT ADMINISTRATION.

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

18

**(a)** Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

**(b)** Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

**(c)** Provide weekly reports to Class Counsel and Defendant's Counsel, including, without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

**(d)** Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2** Pursuant to Judge Rita F. Lin's Standing Order for Civil Cases, the Settlement Administrator must submit a declaration that (a) states whether they will receive any payments in connection with their administration of the settlement other than the fee described in the preliminary approval papers, including any payments from third-party vendors, (b) if so, describes those payments, (c) regardless of whether they are receiving such payments in this case, states whether they have received such payments in the past in connection with other class action settlements, and (d) if so,

19

describes the nature of those payments in the past and whether their practice has changed in accepting those payments.

**5.3**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud or bulk submission from a single IP Address or series of IP Addresses. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraph 1.4, above, or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.4**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Honorable James F. Holderman for binding determination.

**5.5**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.  TERMINATION OF SETTLEMENT.

20

**6.1** Notwithstanding Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court rejects, materially modifies, or materially amends or changes the terms of the Settlement as embodied in this Settlement Agreement; (ii) the Court declines to enter, without material change, the material terms in the proposed Preliminary Approval Order or the proposed Final Approval Order and Judgment; or (iii) an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand.

**6.2** In the event of a termination of this Settlement Agreement based on an occurrence specified in Paragraph 6.1 above, Class Counsel and Counsel for Defendant agree to negotiate in good faith in an attempt to reach an appropriate, amended settlement agreement.

**6.3** To avoid ambiguity, the Parties agree that the Court's failure to approve, in whole or in part, the Fee and Expense Award payment to Class Counsel and/or the Service Award payment set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Service Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**6.4** Notwithstanding Paragraphs 9.1-9.3 below, Defendant shall have the right (but not the obligation) to terminate the Settlement Agreement if individuals comprising more than 5,000 members of the Settlement Class provide valid and timely requests for exclusion. Defendant may exercise its right to terminate the Settlement by providing written notice to Class Counsel within ten (10) days after

21

receipt of the Settlement Administrator's report providing the Parties with the final number of valid and timely requests for exclusion.

**6.5**    If Defendant seeks to terminate the Agreement on the basis of Section 6.4 above, the Parties agree that any dispute as to whether Defendant may invoke Section 6.4 to terminate the Agreement that they cannot resolve on their own after reasonable, good faith, efforts, will be submitted to the Honorable James F. Holderman for binding determination.

## 7.   PRELIMINARY APPROVAL AND FINAL ORDER.

**7.1**    Pursuant to the Court's Scheduling Order (ECF No. 36), no later than May 22, 2026, Class Counsel shall submit this Agreement, together with its exhibits, to the Court and shall move the Court for Preliminary Approval of the Settlement, preliminary certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order (the "Preliminary Approval Motion").  The Preliminary Approval Order, shall, among other things: (a) approve as to form and content the Proposed Notice and Claim Form, substantially in the form of Exhibits A, B, and C hereto, (b) direct the sending of the Notice and Claim Form to the Settlement Class Members, providing the Settlement Class Members an opportunity to file a claim, file an objection, or submit a request to be excluded from the settlement; and (c) certify the Settlement Class for settlement purposes. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**      Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California 7-2, Judge Rita F. Lin's Standing Order for Civil Cases, and Judge Rita F. Lin's Scheduling Notes, the hearing on the Preliminary Approval Motion shall be noticed for Tuesday, June 30, 2026 at 10:00 a.m.

**7.3**      Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue of the Settlement set out in this Agreement if the Court denies the Preliminary Approval Motion or does not enter a Final Judgment and Dismissal as provided herein; if the Court's approval is reversed or vacated on appeal; if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

**7.4**      At the time of the submission of this Agreement as to the Court as described above, Class Counsel shall request that, after Notice is given, the Court approve the Settlement of the Action as set forth herein and the Parties shall jointly propose a date for the Court to hold a Fairness Hearing to be

23

scheduled no earlier than ninety days (90) after the Notice Date. The Court shall have discretion to schedule and hold a Fairness Hearing.

 **7.5** After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things) (the "Final Approval Motion"):

 **(a)** find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

 **(b)** approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

 **(c)** find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

 **(d)** find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)** dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)** incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)** permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

**(i)** incorporate any other provisions, as the Court deems necessary and just.

**7.6** If the Court declines to enter the Preliminary Approval Order, unless the Parties jointly agree to seek reconsideration of the ruling, to seek appellate review, or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted. The Parties retain all rights with respect to whether the Litigation should be maintained as a class action or collective action and with respect to the merits of the claims and defenses being asserted in the Litigation.

**7.7** The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Judgment, and Dismissal.

**8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.**

25

**8.1**    Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs in an amount determined by the Court as the Fee and Expense Award. With no consideration given or received, Class Counsel will limit its petition for attorneys' fees, costs, and expenses to no more than one-third of the Gross Settlement Fund deposited into the Escrow Account. Provided that Class Counsel limits its request for a Fee and Expense Award to this amount, Defendant shall not oppose Class Counsel's request for the Fee and Expense Award.  Pursuant to Judge Rita F. Lin's Standing Order for Civil Cases, Class Counsel shall make a motion to request a Fee and Expense Award at least thirty-five (35) days prior to the Objection/Exclusion Deadline.  This Settlement is not conditioned upon the Court awarding any attorneys' fee and expense award, and should the Court decline to make a Fee and Expense Award, or approve an award less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

**8.2**    The Fee and Expense Award shall be payable within ten (10) days after the entry of Final Judgment, notwithstanding that the Effective Date may not yet have occurred, and subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit D, and providing pertinent payment routing information and tax I.D. numbers. Payment of the Fee and Expense Award shall be made by wire transfer to Bursor & Fisher, P.A. in accordance with wire instructions to be provided to the Settlement Administrator by Bursor & Fisher, P.A. and completion of necessary forms, including but not limited to W-9 forms. Bursor & Fisher, P.A. shall be responsible for distributing the Fee Award between and amongst Class Counsel pursuant to any applicable agreements. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Settlement Fund. In addition, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become

26

insolvent, or cease to exist prior to the final payment to Settlement Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

**8.3**    Class Counsel intends to file a motion for Court approval of a Service Award for the Class Representative, to be paid out of the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement Fund. With no consideration having been given or received for this limitation, the Class Representative will seek no more than $5,000 as a Service Award.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**    The Parties and their counsel have executed this Agreement;

**(b)**    The Court has entered the Preliminary Approval Order;

**(c)**    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class (and a Fairness Hearing if required by the Court), and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)**    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**    If any of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or

27

fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.4, and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into.

## 10. MISCELLANEOUS PROVISIONS.

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

    **(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff and the Settlement Class, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

    **(b)**    is, may be deemed, or shall be used, offered, or received against Defendant, as an admission, concession, or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

29

**(c)**    is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**    is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**(e)**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

30

**10.6** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.7** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.8** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Notwithstanding the provisions of this paragraph, all representations by Plaintiff, Defendant, and their respective counsel set forth in the Parties' Term Sheet shall remain binding.

**10.9** Except as otherwise provided herein, each Party shall bear its own costs.

**10.10** Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.11** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiff and the

31

Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

10.12   This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

10.14   While the Action shall be dismissed with prejudice, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.15   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

10.16   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

10.17   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: For Class Counsel: Joseph I. Marchese, Bursor & Fisher, P.A., 1330 Avenue of the Americas, New York, NY 10019; and for Defendant's Counsel: Jacob Sommer, ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

**10.18**   Plaintiff and/or Class Counsel shall not, at any time, issue press releases or make other public statements regarding the Settlement or the Action other than those required to effectuate the Settlement (e.g., filings with the Court as necessary to obtain Approval of the Settlement) unless Defendant agrees to such press releases or public statements in advance. This provision shall not prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Settlement (subject to compliance with any and all applicable confidentiality obligations).

**10.19**   Plaintiff, Class Counsel, and Defendant agree not to disparage each other in any public statement regarding this case generally or this settlement specifically, and, further, that any public statement shall not reference or suggest wrongdoing or liability on the part of Defendant.

**IT IS AGREED TO BY THE PARTIES:**

Dated: 05/16/2026

**JANELLE COCHRANE**

By: _Janelle Cochrane (May 16, 2026 00:12:31 MDT)_
    Janelle Cochrane, individually and as Class
    Representative

Dated: 5/19/2026

**PEOPLE DATA LABS, INC.**

By: _Ben Eisenberg_
    459EFB0968A74F3...

Name: Ben Eisenberg

Title: CEO

**APPROVED AS TO FORM:**

Dated: May 16, 2026

**BURSOR & FISHER, P.A.**

By: _Joseph I. Marchese_
    Joseph I. Marchese (*pro hac vice*)
    jmarchese@bursor.com
    1330 Avenue of the Americas, Floor 32
    New York, NY 10019
    Telephone: (646) 837-7150

Facsimile: (212) 989-9163

Daniel Sena Guerra (267559)
dguerra@bursor.com
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

Matthew A. Girardi (*pro hac vice*)
mgirardi@bursor.com
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708

*Class Counsel*

Dated: 5/19/2026 _____

**ZWILLGEN PLLC**

By: *Jake Sommer* _____

Jacob Sommer (*pro hac vice*)
jake@zwillgen.com
Michael Bleicher (313892)
michael.bleicher@zwillgen.com
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Oliver M. Kiefer (332830)
oliver.kiefer@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorneys for Defendant*

34

**EXHIBIT A**

# SETTLEMENT CLAIM FORM

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
*Cochrane v. People Data Labs, Inc.*
Case No. 3:25-cv-09533-RFL

PDL PTFA Settlement                                                 (XXX) XXX-XXXX
P.O. Box [PO Box Number]                            info@[SettlementWebsite].com
Santa Ana, CA 92799                                www.[SettlementWebsite].com

---

**IF YOU RECEIVED THIS NOTICE, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS. YOU MAY BE ELIGIBLE TO FILE A CLAIM FOR A CASH PAYMENT.**

Plaintiff alleges that People Data Labs, Inc. ("PDL") violated the Colorado Prevention of Telemarketing Fraud Act by listing certain cellular telephone numbers in a directory without obtaining appropriate consent. PDL denies Plaintiff's allegations, denies that it violated the law, and denies that it did anything wrong. The Court has not decided who is right, and Plaintiff's allegations have not been proven.

The court has defined the Class of people eligible to file a claim for a cash payment this way: "All individuals in People Data Labs' database with an (1) inferred mobile number as determined by the information available in Defendant's records, (2) a Colorado area code, (3) an inferred Colorado location (current or historical), (4) whose data was sourced on or after September 2022, and (5) whose information was disclosed at least once from September 2022 to March 3, 2026." Under the terms of the Settlement, you are eligible to submit a Claim Form to receive a payment if the Court approves the Settlement and it becomes final.

**Excluded from the Settlement Class** are: (1) the Judge in this case, and the Judge's family and staff; (2) PDL and its officers, directors, and related companies; and (3) anyone who validly excludes themselves from the Settlement.

You may submit your Claim Form through the Settlement Website, www.[SettlementWebsite].com, or by completing and signing this Claim Form.

 **Claims must be received by [Claims Deadline].**

Paper Claim Forms must be mailed through the United States Postal Service, so that they are received by the Claims Administrator **no later than [Claims Deadline]**. Please mail to:

Claims Administrator
PDL PTFA Settlement
P.O. Box [PO Box Number]
Santa Ana, CA 92799

---

*Cochrane v. People Data Labs, Inc.*                                    Page 1 of 4
«2DBarcode»                                       SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Do not mail or deliver your Claim Form to the Court, the Settling Parties, or their counsel.**

| GENERAL INFORMATION |
|---|

1. Complete information about the proposed Settlement is available at www.[SettlementWebsite].com.

2. If you submitted a request to be excluded from the Settlement, do not submit a claim.

3. Submit only <u>one</u> Claim Form, online or paper, per person.

| AVAILABLE CASH BENEFITS |
|---|

People Data Labs, Inc., will establish a Settlement Fund of $6,362,167.00. After deduction of costs of notice and settlement administration, any award of attorneys' fees, litigation costs, and any Service Award for the Class Representative, the remaining Settlement Fund money will be divided equally between everyone who files a valid and timely claim. The specific payment you receive will depend on how many other Class Members file valid and timely claims.

If you have questions about how this works, you can ask for free help any time by contacting the Settlement Administrator at:

| | |
|---|---|
| Online: | www.[SettlementWebsite].com |
| By email: | info@[SettlementWebsite].com |
| By toll-free call: | (XXX) XXX-XXXX |
| By mail: | Claims Administrator |
| | PDL PTFA Settlement |
| | c/o Settlement Administrator |
| | [PO Box Number] |
| | Santa Ana, CA 92799-9958 |

 **THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail.

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

 **Claims must be received by [Claims Deadline].**

If you contact information changes after you submit your claim, notify the Claims Administrator.

---

*Cochrane v. People Data Labs, Inc.*

«2DBarcode»

Page 2 of 4

SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Please complete this entire section. The Claims Administrator will use this information to get in touch with you regarding your claim. If you contact information changes after you submit your claim, notify the Claims Administrator. **Please write legibly.**

**Class Member First Name**                                                                                    **MI**

**Class Member Last Name**

**Entity Name (if Class Member is not an individual)**

**Address 1 (street name and number)**

**Address 2 (apartment, unit, or box number)**

**City**                                                                    **State**        **ZIP**

**Email Address**

**Telephone Number**

**Login ID (if known)**

---

*Cochrane v. People Data Labs, Inc.*                                                    Page 3 of 4
«2DBarcode»                                                    SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

## II. PRO RATA CASH PAYMENT

☐ Check this box if you would like to receive an equal share of the net Settlement Fund.

## III. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PAYPAL**
Email address associated with your PayPal account, if different than you provided in Section **I**:

| | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ **VENMO**
Telephone number associated with your Venmo account, if different than you provided in Section **I**:

| | | | | - | | | | | - | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ **ZELLE**
Email address associated with your Zelle account, if different than you provided in Section **I**:

| | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

OR

Telephone number associated with your Zelle account, if different than you provided in Section **I**:

| | | | | - | | | | | - | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ **PHYSICAL CHECK**
Payment will be mailed to the address provided in Section 1.

## IV. ATTESTATION AND SIGNATURE

I swear and affirm on penalty of perjury that that, between September 1, 2022 and March 3, 2026, I owned the mobile telephone number associated with me in Defendant's records, and that the information I provided in this Claim Form is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

Class Member Signature

| | MM | DD | YY |
|---|---|---|---|
| | | | |

_____

Please print or type your name on the line above.

---

*Cochrane v. People Data Labs, Inc.*

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

Docusign Envelope ID: 2A573751-A2FB-8E25-839E-E89DC33C3858

**EXHIBIT B**

**TO:**  «Email Address»
**FROM:**  "PDL PTFA Settlement" «info@[SettlementWebsite].com»
**SUBJECT:**  PDL PTFA Settlement – You May Be Eligible to File a Claim

---

### LEGAL NOTICE

*Cochrane v. People Data Labs, Inc.*
Case No. 3:25-cv-09533-RFL
United States District Court for the Northern District of California
**PEOPLE DATA LABS' RECORDS INDICATE THAT A COLORADO CELLULAR TELEPHONE NUMBER BELONGING TO YOU MAY HAVE BEEN LISTED WITHOUT YOUR PERMISSION BETWEEN SEPTEMBER 1, 2022, AND MARCH 3, 2026. A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
*Please read this Notice carefully and completely.*

| YOUR CLAIM ID | [CLAIM ID] |
|---|---|
| YOUR PIN | [PIN] |
| **USE THESE UNIQUE NUMBERS WHEN FILING YOUR CLAIM FORM TO RECEIVE A PAYMENT** | |

Dear «First» «Last»:

A Settlement has been reached with People Data Labs, Inc. ("PDL") in a class action lawsuit ("Settlement"). In this lawsuit the Plaintiff alleges that PDL violated the Colorado Prevention of Telemarketing Fraud Act by listing Colorado citizens' cellular telephone numbers in a directory without obtaining the appropriate consent, from September 1, 2022, through March 3, 2026.

Plaintiff's allegations have not been proven. PDL denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation.

A copy of the Settlement is available at www.[SettlementWebsite].com.

**<u>Why am I receiving this Notice?</u>** PDL's records indicate that you may be a member of the Settlement Class and may be entitled to receive a cash payment. The Court has defined the class as: "All individuals in People Data Labs' database with an (1) inferred mobile number as determined by the information available in Defendant's records, (2) a Colorado area code, (3) an inferred Colorado location (current or historical), (4) whose data was sourced on or after September 2022, and (5) whose information was disclosed at least once from September 2022 to March 3, 2026." Under the terms of the Settlement, you are eligible to submit a Claim Form to receive a payment if the Court approves the Settlement and it becomes final.

The Court has appointed attorneys Joseph I. Marchese, Daniel S. Guerra, and Matthew A. Girardi of Bursor & Fisher, P.A., called Class Counsel, to represent the Class. You may contact Class Counsel to answer any questions you may have.

**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Fax: (212) 989-9163
Email: info@bursor.com

**What are the Settlement benefits?** PDL will establish a Settlement Fund of $6,362,167. After deduction of costs of notice and settlement administration, any award of attorneys' fees, litigation costs, and any Service Award for the Class Representative, the remaining Settlement Fund money will be divided equally between everyone who files a valid and timely claim. The specific payment you receive will depend on how many other Class Members file valid and timely claims.

**How do I receive a benefit?** Visit www.[SettlementWebsite].com to submit your claim.

[CLICK HERE TO FILE YOUR CLAIM FORM]

To receive a paper copy and submit by US Mail, call (XXX) XXX-XXXX, or email your request to info@[SettlementWebsite].com. **Claims must be submitted online or mailed by [Claims Deadline].**

**What if I don't want to participate in the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by [**Opt-Out Deadline**] or you will not be able to sue PDL for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by [**Objection Deadline**]. The Settlement Agreement, available on the Settlement website at www.[SettlementWebsite].com, explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on [FA Hearing Date] at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California 94102, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs of up to 1/3 of the Settlement Fund, and $5,000.00 for Plaintiffs. You may attend the hearing at your own cost, but you do not have to. You may also attend the hearing via Zoom (see the Public Hearings link and instructions at https://cand.uscourts.gov/judges/lin-rita-f-rfl/). The hearing date may change without further notice to the class. Please be advised that to check the Settlement website at www.[SettlementWebsite.com or the Court's PACER site detailed below to confirm that the date has not been changed.

Upon a showing of good cause to the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

This notice email is only a summary. For more information, call (XXX) XXX-XXXX or click here: **www.[SettlementWebsite].com**, or you may contact the Claims Administrator at:

By email:          info@[SettlementWebsite].com
By toll-free call: (XXX) XXX-XXXX
By mail:           Claims Administrator
                   PDL PTFA Settlement
                   c/o Settlement Administrator

[PO Box Number]
Santa Ana, CA 92799-9958

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**Login ID:** «ClaimLoginID»
**PIN:** «ClaimLoginPIN»

*SIMID:* «SIMID»
*CaseID:* [CaseID]

Docusign Envelope ID: 2A573751-A3FB-8F26-830F-E89FC33C3858

PDL PTFA Settlement
 c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

*Cochrane v. People Data Labs, Inc.*
Case No. 3:25-cv-09533-RFL

> **PEOPLE DATA LABS' RECORDS INDICATE THAT A COLORADO CELLULAR TELEPHONE NUMBER BELONGING TO YOU MAY HAVE BEEN LISTED WITHOUT YOUR PERMISSION BETWEEN SEPTEMBER 1, 2022, AND MARCH 3, 2026. A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**This notice is only a summary. Visit www.[SettlementWebsite].com or scan this QR code for complete information.**



First-Class
Mail
US Postage
Paid
Permit #___

LoginID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

Postal Service: Please do not mark barcode

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«Address1» «Address2»
«City», «State» «Zip»

**Why am I receiving this notice? People Data Labs, Inc.'s ("PDL") records indicate that you may be a member of the Settlement Class and may be entitled to receive a payment.** A Settlement has been reached in a class action lawsuit. In this lawsuit the Plaintiff alleges that PDL violated the Colorado Prevention of Telemarketing Fraud Act by listing Colorado citizens' cellular telephone numbers in a directory without obtaining the appropriate consent, from September 1, 2022, through March 3, 2026.

PDL denies that it did anything wrong, Plaintiff's allegations have not been proven, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

**Who is included in the Settlement?** The Court has defined the class as: "All individuals in People Data Labs' database with an (1) inferred mobile number as determined by the information available in Defendant's records, (2) a Colorado area code, (3) an inferred Colorado location (current or historical), (4) whose data was sourced on or after September 2022, and (5) whose information was disclosed at least once from September 2022 to March 3, 2026."

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class. You may contact Class Counsel to answer any questions you may have. Class Counsel's contact information is available on the Settlement Website.

**What are the Settlement benefits?** PDL will establish a Settlement Fund of $6,362,167. After deduction of costs of notice and settlement administration, any award of attorneys' fees, litigation costs, and any Service Award for the Class Representative, the remaining Settlement Fund money will be divided equally between everyone who files a valid and timely claim. The specific payment you receive will depend on how many other Class Members file valid and timely claims. Full details and instructions are available online.

**How do I receive a benefit?** File your claims online by scanning the QR code. For a full paper Claim Form call **(XXX) XXX-XXXX. Claims must be submitted online or postmarked by [Claims Deadline].**

**What if I don't want to participate in the Settlement?** If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue PDL for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs of up to 1/3 of the Settlement Fund, and $5,000 for the Plaintiff. You may attend the hearing at your own cost, but you do not have to. The hearing date may change without further notice to the class. Please be advised that to check the Settlement by scanning the QR code or the Court's PACER site detailed on Settlement Website to confirm that the date has not been changed.

**This notice is only a summary. Visit the settlement website online or scan this QR code for complete information.**

www.[SettlementWebsite].com

CaseID: [CaseID]
SIMID: «SIMID»

**EXHIBIT C**

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Cochrane v. People Data Labs, Inc.*
Case No. 3:25-cv-09533-RFL
United States District Court for the Northern District of California

> **PEOPLE DATA LABS' RECORDS INDICATE THAT A  COLORADO CELLULAR TELEPHONE NUMBER BELONGING TO YOU MAY HAVE BEEN  LISTED WITHOUT YOUR PERMISSION BETWEEN SEPTEMBER 1, 2022, AND MARCH 3, 2026, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
*Please read this Notice carefully and completely.*

- A Settlement has been reached with People Data Labs, Inc. ("PDL" or "Defendant") in a class action lawsuit. In this lawsuit the Plaintiff alleges that PDL violated the Colorado Prevention of Telemarketing Fraud Act ("PTFA") by listing Colorado citizens' cellular telephone numbers in a directory without obtaining the appropriate consent, from September 1, 2022, through March 3, 2026.

- Plaintiff's allegations have not been proven. PDL denies that it did anything wrong, and the Court has not decided who is right.

- The lawsuit is called *Cochrane v. People Data Labs, Inc.*, Case No. 3:25-cv-09533-RFL. It is pending in the United States District Court for the Northern District of California (the "Litigation").

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- PDL's records indicate that you may be a Class Member, and entitled to benefits under the Settlement.

- Your rights are affected whether you act or don't act. **Please read this Notice carefully and completely.**

---

*Cochrane v. People Data Labs, Inc.*                                                                 Page 1 of 9
«2DBarcode»                                                        SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or cash payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2026** |
| **GO TO A HEARING** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. See **Question 18** for more details.  The Final Approval Hearing is scheduled for <<Final Approval Hearing>>, at <<Time>> a.m. PT. You may also attend the hearing via the Zoom (see the Public Hearings link and instructions at https://cand.uscourts.gov/judges/lin-rita-f-rfl/). The hearing date may change without further notice to the class. Class members should check the settlement website or the Court's PACER site to confirm that the date has not been changed. | |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

*Cochrane v. People Data Labs, Inc.*                                                    Page 2 of 9
«2DBarcode»                                          SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit www.[SettlementWebsite].com

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ...................................................................................................................3
WHO IS IN THE SETTLEMENT .....................................................................................................4
THE SETTLEMENT BENEFITS .....................................................................................................4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ...............................................6
THE LAWYERS REPRESENTING YOU ........................................................................................6
EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................................7
COMMENTING ON OR OBJECTING TO THE SETTLEMENT ....................................................7
THE COURT'S FINAL APPROVAL HEARING .............................................................................8
IF I DO NOTHING .........................................................................................................................9
GETTING MORE INFORMATION .................................................................................................9

# Basic Information

## 1. Why was this Notice issued?

The United States District Court for the Northern District of California, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Cochrane v. People Data Labs, Inc.*, Case No. 3:25-cv-09533-RFL. It is pending in the United States District Court for the Northern District of California. The person that filed this lawsuit is called the "Plaintiff" (or "Class Representative") and the company they sued, People Data Labs, Inc., is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that PDL violated the Colorado Prevention of Telemarketing Fraud Act ("PTFA") by listing Colorado citizens' cellular telephone numbers in a directory without obtaining the appropriate consent, from September 1, 2022, through March 3, 2026.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representative is Janelle Cochrane. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiff or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiff and their attorneys think the Settlement is best for all Class Members.

*Cochrane v. People Data Labs, Inc.*                                                            Page 3 of 9
«2DBarcode»                                                        SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All individuals in People Data Labs' database with an (1) inferred mobile number as determined by the information available in Defendant's records, (2) a Colorado area code, (3) an inferred Colorado location (current or historical), (4) whose data was sourced on or after September 2022, and (5) whose information was disclosed at least once from September 2022 to March 3, 2026."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) the Judge in this case, and the Judge's family and staff; (2) PDL and its officers, directors, and related companies; and (3) anyone who validly excludes themselves from the Settlement.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7:  (XXX) XXX-XXXX
- By mail:  PDL PTFA Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

PDL will establish a Settlement Fund of $6,362,167.00. After deduction of costs of notice and settlement administration, any award of attorneys' fees, litigation costs, and any Service Award for the Class Representative, the remaining Settlement Fund money will be divided equally between everyone who files a valid and timely claim. The specific payment you receive will depend on how many other Class Members file valid and timely claims.

If you have questions about how this works, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail:  PDL PTFA Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to sue, continue to sue, or otherwise be part of any other lawsuit against PDL about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section 3) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

---

*Cochrane v. People Data Labs, Inc.*                                          Page 4 of 9
«2DBarcode»                                          SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

PDL PTFA Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, (XXX) XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (**see Question 18**). The hearing date may change without further notice to the class. Please be advised to check the Settlement website at www.[SettlementWebsite.com or the Court's PACER site detailed below to confirm that the date has not been changed. If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys Joseph I. Marchese, Daniel S. Guerra, and Matthew A. Girardi of Bursor & Fisher, P.A., to represent you and other Class Members ("Class Counsel"). You may contact Class Counsel to answer any questions you may have.

**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Fax: (212) 989-9163
Email: info@bursor.com

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

*Cochrane v. People Data Labs, Inc.*                                     Page 5 of 9
«2DBarcode»                                     SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve up to one-third of the Settlement Fund as reasonable attorneys' fees and reimbursement of litigation costs. This amount will be paid from the Settlement Fund.

Class Counsel will also ask for a Service Award Payment of $5,000.00 for the Class Representative. The Service Award Payment will be determined by the Court and will also be paid from the Settlement Fund.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue PDL on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1)  the name of the Litigation: *Cochrane v. People Data Labs, Inc.*, Case No. 3:25-cv-09533-RFL, pending in the United States District Court for the Northern District of California;

(2)  your full name, mailing address, telephone number, and email address;

(3)  personal signature; and

(4)  the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

PDL PTFA Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

*Cochrane v. People Data Labs, Inc.*                                                              Page 6 of 9
«2DBarcode»                                                    SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit www.[SettlementWebsite].com

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1)    the name of the Litigation: *Cochrane v. People Data Labs, Inc.*, Case No. 3:25-cv-09533-RFL, pending in the United States District Court for the Northern District of California;

(2)    your full name, mailing address, telephone number, and email address;

(3)    information that proves that you are a Class Member, including an attestation that you owned the cellular telephone number associated with you in PDL's records between September 1, 2022, and March 3, 2026;

(4)    a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(5)    if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

(6)    if you or your lawyer have objected in any other cases and asked for or received any payment in exchange for dismissing your objection or related appeal, without any modification to the settlement, list the names, courts, the orders ruling on your objections, and civil action numbers for each of those cases;

(7)    if you plan on calling witnesses or submitting documents at the Final Approval Hearing, provide a full list of both;

(8)    your signature (if you have hired your own lawyer, their signature is not sufficient).

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number ( Cochrane v. People Data Labs, Inc., Case No. 3:25-cv-09533-RFL), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Clerk of the Court as detailed below, and (c) be filed or postmarked on or before [OBJECTION DATE].

For your objection to be valid, it must substantially meet each of these requirements. These requirements may be excused upon a showing of good cause.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [**OBJECTION DATE**]. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue, 16th Floor | PDL PTFA Settlement<br>ATTN: Objections |

*Cochrane v. People Data Labs, Inc.*                                                                    Page 7 of 9
«2DBarcode»                                                    SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

| San Francisco, CA 94102 | [PO Box Number]<br>Santa Ana, CA 92799-9958 |
|---|---|

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval hearing on **[FA Hearing Date] at [Hearing Time] Pacific Time**, in Room [Court Room] of the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California 94102. You may also attend the hearing via the Zoom (see the Public Hearings link and instructions at https://cand.uscourts.gov/judges/lin-rita-f-rfl/).

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award a Service Award Payment to the Class Representative. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**). Upon a showing of good cause to the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. The date of the Final Approval Hearing may change without further notice to Class Members. Be sure to check the website, **www.[SettlementWebsite].com** for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; absent good cause, the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

---

*Cochrane v. People Data Labs, Inc.*                                    Page 8 of 9
«2DBarcode»                                    SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail:   PDL PTFA Settlement
             c/o Settlement Administrator
             [PO Box Number]
             Santa Ana, CA 92799-9958

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www.[SettlementWebsite].com, by contacting Class Counsel (see **Question 12)**, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT OR COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS**

---

*Cochrane v. People Data Labs, Inc.*                                                              Page 9 of 9
«2DBarcode»                                                    SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

**EXHIBIT D**

**BURSOR & FISHER, P.A.**
Daniel S. Guerra (State Bar No. 267559)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: dguerera@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*Pro Hac Vice*)
50 Main St., Ste. 475
White Plains, NY 10506
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
Email: mgirardi@bursor.com

*Attorneys for Plaintiff*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE COCHRANE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE DATA LABS, INC.,<br><br>Defendant. | Case No. 3:25-cv-09533-RFL<br><br>**STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS** |

**STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS**

Plaintiff Janelle Cochrane ("Plaintiff") and Defendant People Data Labs, Inc. ("Defendant") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS,  Class Counsel's law firm Bursor & Fisher P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and;

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned, as agent for the Firm, hereby submits the Firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking. Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Northern District of California, for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel,  the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel,

Docusign Envelope ID: 2A573751-A2FB-8E25-839E-E89DC33C3858

the attorneys' fees and costs paid to the Firm and/or Representative Plaintiff from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: _____          BURSOR & FISHER, P.A.


_____

By: Scott A. Bursor on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiff Janelle Cochrane


DATED: _____          ZWILLGEN PLLC


_____

By: Michael Constantine Bleicher

Attorneys for Defendant People Data Labs Inc.