UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE COCHRANE, | Case No. 25-cv-09533-RFL |
| Plaintiff, | |
| v. | **ORDER REQUESTING SUPPLEMENTAL FILINGS** |
| PEOPLE DATA LABS, INC., | Re: Dkt. No. 39 |
| Defendant. | |

The Court has reviewed Plaintiff's motion for preliminary approval of class action settlement.  (Dkt. No. 39.)  Plaintiff's counsel and Simpluris are ordered to submit supplemental filings by **June 24, 2026**, addressing the following questions:

1. Does the Settlement Class exclude individuals in People Data Labs's database who were Colorado residents between September 2022 and March 3, 2026, and had their cellphone number disclosed if their cellphone number has a non-Colorado area code? If so, what is the reason for excluding these people, and how many people are excluded?

2. In its declaration, Simpluris states that its websites "utilize third-party tracking and analytics tools (such as pixels or similar technologies) solely for the purposes of validating submissions, ensuring website functionality, maintaining the integrity and security of the claims process, [etc.]"  (Dkt. No. 39-5 at ¶ 21.)  Will Simpluris's use of third-party tracking and analytics tools result in class members' email addresses, mailing addresses, or phone numbers being disclosed to the third-party trackers as a result of their claims submissions?  If so, what restrictions are placed on the third-party trackers' use of that information?

3. Simpluris's declaration does not discuss a second attempt at direct notice before sending a post card notice, which is described in the Settlement Agreement.  Will

1

Simpluris make another attempt at providing class members with direct notice should its first attempt be unsuccessful?  For instance, will Simpluris try a different email address for a class member based on other information in People Data Labs's database or other public databases?

4.  The Settlement Agreement selects the Consortium of Cybersecurity Clinics, a not-for-profit organization, as its *cy pres* recipient.  The Consortium of Cybersecurity Clinics appears to be a nationwide cybersecurity education program.  How does that advance the interests of the class or relate to privacy protections in Colorado?

5.  Do the parties have any objection to the Court striking paragraph 29 of the proposed preliminary approval order (Dkt. No. 39-6) given the language in the Court's standing order that it "disfavors injunctions of current or future litigation in other courts based on conduct covered by the release"?

**IT IS SO ORDERED.**

Dated: June 10, 2026

RITA F. LIN
United States District Judge