**BURSOR & FISHER, P.A.**
Daniel S. Guerra (State Bar No. 267559)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: dguerera@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*Pro Hac Vice*)
50 Main St., Ste. 475
White Plains, NY 10506
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
Email: mgirardi@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JANELLE COCHRANE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PEOPLE DATA LABS, INC.,

Defendant.

Case No. 3:25-cv-09533-RFL

**PLAINTIFF'S SUPPLEMENTAL FILING**

Pursuant to the Court's Order Requesting Supplemental Filings (ECF No. 40), Plaintiff's counsel submits the following in responses:

**Response to Question No. 1:**

The Settlement Class is defined by five criteria reflected in the records maintained by People Data Labs ("PDL"): (1) an inferred mobile telephone number; (2) a Colorado area code associated with that number; (3) an inferred Colorado location; (4) source data dated on or after September 2022; and (5) at least one disclosure during the period of September 2022 through March 3, 2026. The Court's Order (ECF 40) correctly observes that the definition does not turn on a Colorado address or location indicator alone.

Because the definition requires a mobile telephone number bearing a Colorado area code, an individual whose disclosed cellular telephone number carries a non-Colorado area code is not a Settlement Class Member, even if that individual resided in Colorado during the relevant period. The Parties adopted that dividing line because Defendant has taken the position that the individuals it captures, and those it excludes, are not similarly situated, for the reasons set out below.

The provision at issue, C.R.S. § 6-1-304(4)(a) (the "Listing Provision"), concerns the listing of a cellular telephone number, and the private right of action it supports, C.R.S. § 6-1-305, runs to the owner of the cellular telephone. Listing Provision claims are therefore tied to the cellular telephone number, and the Parties agree, for purposes of this Settlement, that such claims belong to Colorado consumers. The Settlement Class identifies individuals whose Colorado connection is reflected in the telephone number that is the subject of the claim — a Colorado area code — together with an independent Colorado location indicator drawn from the same records.

Defendant argued in its motion to dismiss the Complaint that a Colorado address or location indicator, standing alone, does not establish that connection because that data point by itself does not reliably show that a person was a Colorado consumer during the relevant period. Defendant also notes that PDL's records do not necessarily contain current timestamps related to locations because that information is not provided directly by the individuals themselves. Rather, location-related data may derive from older sources and may reflect multiple potential addresses — historical, mailing,

business, or otherwise — that need not correspond to Colorado residency, as where a person previously attended a Colorado university or carries a Colorado business address through remote employment while living elsewhere. Nor is address information compiled together with a telephone number in the manner of a directory, so its relationship to any particular cellular number may be indirect.

Defendant argues that these differences are not merely a matter of identifying class members; they go to the claims and defenses themselves. While the statutory claim may be pleaded in the same terms for both groups, the defenses available to Defendant differ, and Defendant submits those defenses are stronger as to individuals identified only by a Colorado address or location indicator — rendering those claims comparatively weaker than the claims of Settlement Class Members. In particular, Defendant has raised, and would continue to press, substantial First Amendment objections to imposing liability for the compilation and dissemination of truthful information. Defendant submits that these objections apply to the claims generally, but are at their strongest as to individuals whose records do not reflect a Colorado-area-code cellular number, because for those individuals the records least clearly impart the Colorado-connected facts that could give rise to liability. The viability of these claims, and the strength of these defenses, are contested and unresolved, and the differing litigation risk they present supports defining the Class by Colorado indicators tied to the telephone number itself, rather than by address or location alone.

As to magnitude, PDL's analysis indicates that defining the Class by a Colorado address or location indicator alone — without requiring a Colorado area code — would encompass approximately 485,000 additional records where the last recorded address is in Colorado. Defendant does not regard that figure as a measure of viable claims; for the reasons stated, a substantial portion of that population would not, on individualized examination, reflect Colorado consumers with cognizable claims under the statute, and the claims of those who remained would be subject to defenses materially stronger than those applicable to the Settlement Class.

This response reflects the Parties' negotiated, arm's-length compromise as to the scope of the Settlement Class and is not an admission by any Party as to liability or the construction or reach of

the statute outside this Settlement.

**Response to Question No. 2:**

See Simpluris's concurrently filed declaration.

**Response to Question No. 3:**

See Simpluris's concurrently filed declaration.

**Response to Question No. 4:**

The Consortium of Cybersecurity Clinics is a nonprofit organization that provides free cybersecurity training to clients who cannot otherwise afford such services. The PTFA is designed to prevent the public disclosure of private cellular telephone numbers. While large organizations have the support to place the appropriate cybersecurity measures to prevent improper disclosures of private cellular telephone numbers, smaller organizations do not. The Consortium of Cybersecurity Clinics' training will advance cybersecurity protection at small organizations who ordinarily cannot afford cybersecurity training and thus will protect citizens against improper release of their private cellular telephone numbers kept at such organizations.

Should the Court find that Consortium of Cybersecurity Clinics is an improper *cy pres* recipient, the Parties propose the following alternative organization:

- The Electronic Privacy Information Center (EPIC). EPIC is an organization that advocates for consumer privacy protections and provides resources and educational information about emerging privacy issues. EPIC has a Robocall and Communications Privacy program. This organization will advance citizens' against the unauthorized listing of private cellular telephone numbers and telemarketing fraud.

**Response to Question No. 5:**

The parties do not have any objection to the Court striking paragraph 29 of the proposed preliminary approval order (Dkt. No. 39-6).

Dated: June 23, 2026

Respectfully submitted,

By: */s/ Daniel S. Guerra*
Daniel S. Guerra

**BURSOR & FISHER, P.A.**
Daniel S. Guerra (State Bar No. 267559)
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: dguerra@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7127
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*pro hac vice*)
50 Main St., Ste. 475
White Plains, NY 10506
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
Email: mgirardi@bursor.com

*Attorneys for Plaintiff*